■ MATILDA RUDMAN, Individually and as Surviving Heir of HARRY RUDMAN, Deceased, Respondent, v CANAL STUDIO CORP., Appellant and Third-Party Plaintiff-Appellant. LLOYD WEISS, Third-Party Defendant-Respondent. [664 NYS2d 513] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered June 21, 1996, which, in a declaratory judgment action involving defendant landlord's right to terminate plaintiff tenant's lease, *inter alia*, denied defendant's cross motion for partial summary judgment, and, insofar as appealed as limited by defendant's reply brief, declared that plaintiff cannot be held civilly liable for the criminal activity of third-party defendant, and that as plaintiff has taken steps to dissociate herself from the third-party defendant, she cannot be deemed an objectionable tenant and lose a valuable lease because of the criminal conduct attributed to him, unanimously modified, on the law, to delete such declarations (the fifth and sixth decretal paragraphs), and otherwise affirmed, without costs.

The two decretal paragraphs in issue merely reflect the court's reasoning in denying defendant's cross motion for summary judgment declaring that plaintiff is jointly and severally liable with her cotenant, the third-party defendant herein, for the arson he committed and is an equally objectionable tenant because of such arson. Since plaintiff did not move for summary judgment declaring the opposite, the court, in this instance, should not have included such directive in its order, particularly since questions of fact remain regarding the liability issues. Concur—Sullivan, J. P., Ellerin, Williams, Tom and Colabella, JJ.